Hamilton H. ROUSE

v.

**GULF OIL CORPORATION.**

Civ. A. No. 70–3259.

United States District Court,
E. D. Pennsylvania.

Oct. 13, 1972.

Jerome N. Kline, Philadelphia, Pa., for plaintiff.

Hoyt H. Harmon, Jr., A. L. Vangeli, Bala Cynwyd, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 (f), the plaintiff, Hamilton Rouse, commenced this action against the Gulf Oil Corporation, alleging that his discharge by Gulf constituted an unfair employment practice in violation of 42 U.S.C. § 2000e–3(a). Specifically, plaintiff alleges that he was discharged because of his race and because of his opposition to defendant's unlawful discrimination against black citizens in its employment practices. Before the Court is defendant's motion to dismiss on the ground that plaintiff failed to properly file a timely charge with the Equal Employment Opportunity Commission [EEOC] prior to commencing this action.

Plaintiff was hired as a warehouseman for Gulf Oil on January 18, 1961. It was apparently plaintiff's practice to complain to Gulf supervisors and to others in authority regarding the underrepresentation of blacks in defendant's Philadelphia operations. This practice, plaintiff alleges, resulted in his suspension for two days in 1965 and in his ultimate termination on May 22, 1968. Seven days later, on May 29, 1968, plaintiff filed a written charge with the EEOC accusing defendant of unfair employment practices within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. [the Act]. Plaintiff's charge was deferred by the EEOC

to the Pennsylvania Human Relations Commission on May 31, 1968. On August 13, 1968, eighty-two days after the commission of the alleged unfair employment practice and prior to the termination of the state proceedings, plaintiff's charge was automatically filed with the EEOC. Subsequently, the Pennsylvania Human Relations Commission determined that it lacked jurisdiction over the charge and referred it to the Philadelphia Commission on Human Relations, which, in turn, dismissed the charge as unsubstantiated. Thereafter, the EEOC conducted an investigation into plaintiff's charge and in a letter dated October 26, 1970, notified plaintiff of his right to sue within thirty days. Plaintiff commenced this action on November 25, 1970.

In order to file a suit seeking relief for an unfair employment practice under Title VII of the Act, a plaintiff must exhaust a series of somewhat complicated procedural prerequisites. Initially, where State or local law prohibits the unfair employment practices alleged and authorizes a State or local authority to grant relief, no charge may be filed with the EEOC prior to an attempt to exhaust such State and local remedies. 42 U.S.C. § 2000e–5(b). Upon the expiration of sixty days after the State or local proceeding has been commenced or upon its earlier termination, a charge may then be filed with the EEOC. 42 U.S.C. § 2000e–5(b). Where State and local enforcement proceedings are available under Section 2000e–5(b), the charge must be filed by the aggrieved person with the EEOC within two hundred and ten days after the alleged unlawful employment practice occurred or within thirty days after receiving notice that the State or local proceeding has terminated, whichever is earlier. 42 U.S.C. § 2000e–5(d). The EEOC may then investigate the charge and seek to obtain voluntary compliance by the employer. The aggrieved party is then authorized to commence a civil action in the District Court only upon his receipt of a "right to sue" letter from the EEOC. 42 U.S.C. § 2000e–5(e); Stebbins v. Continental Insurance Co., 143 U.S.App.D.C. 121, 442 F.2d 843 (1971); Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968).

█ In summary, in order to satisfy the jurisdictional prerequisites to the commencement of a civil action under Title VII of the Act, an aggrieved person must attempt to exhaust the appropriate State and local remedies, where available; file a timely charge with the EEOC, and receive a right to sue notice.

█ The procedure followed in the instant case by the EEOC was the deferral of the charge to the State agency upon its receipt and the automatic filing of such charge upon the expiration of sixty days after the deferral by the EEOC. It is defendant's contention that plaintiff's letter of May 29 to the EEOC did not constitute a valid charge in that it was premature since no attempt was made to exhaust the State and local remedies. Since the initial charge was invalid ab initio, the EEOC could not automatically file it on its own initiative at a later date. Thus, since no valid charge was filed within two hundred and ten days from the date of the alleged unfair employment practice, the Court is without jurisdiction and the complaint must be dismissed. Plaintiff, on the other hand, argues that the procedure followed by the EEOC in this case—i. e., the automatic deferral to the State or local agency; the holding of the charge in abeyance until sixty days after the deferral; and the automatic filing of the charge thereafter—received the imprimatur of the Supreme Court in the recently decided case of Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

In *Love*, the EEOC treated plaintiff's letter as a formal complaint and referred it to the State agency without formally filing it. Upon notice of the State Commission's waiver of jurisdiction, the EEOC initiated its own investigation and a lawsuit followed. The Court of Appeals held that the charge had not been

"filed" with the EEOC in conformity with the requirements of the Act. In reversing the decision of the Circuit Court, the Supreme Court held that the filing procedure adopted by the EEOC complied with 42 U.S.C. § 2000e–5(b) and 42 U.S.C. § 2000e–5(d) and stated:

"We hold that the filing procedure followed in this case fully complied with the intent of the Act, . . . Nothing in the Act suggests that state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself, . . . Further, we cannot agree with the respondent's claim that the EEOC may not properly hold a complaint in 'suspended animation,' automatically filing it upon termination of the state proceedings." 404 U.S. at 525–526, 92 S.Ct. at 618.

The only distinction between the procedure followed in the instant case and that followed in *Love,* is that here the State and local proceeding had not been terminated prior to the filing of the charge. The State and local agencies were, however, given prior opportunity to consider the complaint, in that except for the filing and service of the charge, no EEOC action was taken prior to the termination of their proceedings. We, therefore, conclude that the filing procedures of deferral and automatic filing followed in the instant case comply with those approved in *Love,* and accordingly defendant's motion to dismiss will be denied.

Moreover, it should be noted that the EEOC procedures comply with the EEOC regulations found in 29 C.F.R. § 1601.12 (b), which provide as follows:

"(b) The following procedures shall be followed with respect to cases arising in the localities to which the Commission defers:

(1) Any document, whether or not verified, filed at any field office of the Equal Employment Opportunity Commission or at Washington, D. C., which may constitute a charge cognizable under Title VII shall be deferred to the appropriate State or local agency pursuant to the procedures set forth below.

(i) All such documents shall be date and time [sic] stamped on receipt.

\*  \*  \*  \*  \*  \*

(iii) The aggrieved party shall be notified, in writing, that the document which he sent to the Commission has been forwarded to the State or local agency pursuant to the provisions of Section 706(b), and unless the Commission is notified to the contrary, *on the termination of State or local proceedings, or after 60 days have passed, whichever comes first, the Commission will consider the charge to be filed with the Commission and commence processing the case* \* \* \*". (Emphasis ours)

This was precisely the procedure followed by the EEOC in the instant case.

 In the alternative, defendant moves to dismiss the portion of the complaint seeking relief for alleged unfair employment practices occurring in 1965. Because the two hundred and ten day period had long expired by the time the charge was filed, this alternative motion will be granted.