Barbara Z. **PRESSEISEN**

v.

**SWARTHMORE COLLEGE** et al.

Civ. A. No. 74–1313.

United States District Court,
E. D. Pennsylvania.

Dec. 13, 1974.

Paula R. Markowitz, Philadelphia, Pa., for plaintiff.

Henry T. Reath, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff is a former Assistant Professor in the Education Program at Swarthmore College. On February 29, 1972, the plaintiff received notification from the college that she would not be reappointed as an Assistant Professor for the 1972–1973 academic year because of "logistical" considerations. Alleging that the non-renewal of employment was based solely on her sex, plaintiff, on May 28, 1974, commenced this action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1981, 1983 and 1985(3). The case is presently before the Court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

A brief recitation of the relevant facts is necessary in order to properly focus upon the issues raised in defendants' motion to dismiss. By letter dated May 26, 1970, Charles E. Gilbert, who was then the Provost of Swarthmore College, offered plaintiff a part time teaching position as a lecturer in Education for the fall semester of 1970–1971. On May 28, the plaintiff accepted the appointment. Pursuant to a letter of renewal, the plaintiff was offered and again accepted an appointment as a lecturer in Education for the Spring 1971 academic term. At the close of the 1971 Spring term, former Provost Gilbert offered plaintiff a full time teaching position of Assistant Professor of Education in the Education Program, for the 1971–1972 academic year at a salary of $10,500. Plaintiff accepted the full time position on June 29, 1971.

As previously mentioned, defendant Gilbert informed plaintiff on February 29, 1972, that "on logistical grounds alone" she would not be reappointed as an Assistant Professor. Gilbert allegedly explained to the plaintiff that the college intended to absorb her position into a new post for which, in Gilbert's estimate, plaintiff did not qualify. Sometime in March, 1972, plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Com-

mission ("EEOC").[1] Plaintiff's complaint against the college was dismissed by the EEOC on the grounds that Title VII of the 1964 Civil Rights Act did not apply to educational institutions with respect to the employment of individuals to perform work connected with the educational activities of such institutions. On June 2, 1972, plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("Pennsylvania Commission"). Thereafter, on November 27, 1972, plaintiff again filed a charge of sex discrimination against Swarthmore College with the EEOC. The second complaint was acted upon by EEOC and on May 6, 1974, the plaintiff received notice of the right to sue in Federal Court, pursuant to 29 C.F.R. § 1601.25a(c). This action was commenced on May 28, 1974.

Defendants contend, *inter alia*, that the complaint fails to state a claim under 42 U.S.C. § 2000e et seq., upon which relief can be granted in that the defendants are not engaged in an industry or activity affecting commerce as defined in Title VII of the 1964 Civil Rights Act. Section 2000e–2(a)(1) of the Act provides that it shall be unlawful for an employer to discriminate on the basis of sex with respect to terms, conditions or privileges of employment. The term "employer" is defined in § 2000e(b) as a person engaged in industry affecting commerce who has 15 or more employees working on a daily basis. In § 2000e(h), the phrase "industry affecting commerce" is further defined as an activity or industry affecting commerce within the meaning of the Labor-Management Reporting and Disclosure Act of 1959.

Paragraph 3 of the complaint alleges that "Swarthmore College enjoys a distinguished national reputation and, accordingly, attracts students and faculty from all over the country and sends its graduates to all parts of the country." For purposes of the motion to dismiss, the above well-pleaded factual allegation must be accepted as true. Melo-Sonics Corporation v. Cropp, 342 F.2d 856 (3rd Cir. 1965). Viewing the above averment as true and in the light most favorable to the plaintiff, the Court is unable to conclude that the plaintiff would not be able to prove that Swarthmore College is engaged in an "activity affecting commerce" under any state of facts which could be established.

In further support of the motion to dismiss the plaintiff's claim under 42 U.S.C. § 2000e, defendants contend that at the time of the acts complained of Title VII did not apply to educational institutions with respect to the employment of individuals to perform work connected with the educational activities of such institutions. As originally enacted, the Civil Rights Act of 1964 did not apply to educational institutions; however, in 1972 the Act was amended so as to strike out the exemption previously afforded educational institutions. See, Johnson v. University of Pittsburgh, 359 F.Supp. 1002, 1005–1006 (W.D.Pa.1973). Plaintiff's initial complaint with the EEOC was filed sometime in March, 1972, presumably prior to March 24, 1972, the effective date of the 1972 amendments. The EEOC dismissed the plaintiff's charge of employment discrimination on April 7, 1972, on the basis that her claim did not come within the ambit of Title VII. Subsequent to the enactment and effective date of the 1972 amendments, plaintiff again filed a charge of sex discrimination with EEOC. The second complaint was filed on November 27, 1972, at which time Title VII applied to the defendants.

Although the plaintiff first received notification of the non-renewal of her employment contract prior to March 24, 1972, the complaint alleges a number of related acts constituting sex discrimination on the part of the defendants which occurred after the effective date of the 1972 amendments. Plaintiff claims that in May of 1972 one male

---

1. See footnote 2 for further explanation on this point.

with considerably less academic qualifications than her was considered for the position she held and that in July of 1972 a second male who also possessed qualifications allegedly inferior to those of the plaintiff was offered and in fact accepted an appointment as an Assistant Professor in the Education Program. Moreover, plaintiff's contract with the college expired in August, 1972, and has not since been renewed. Accepting the plaintiff's factual allegations as true, as we must for the purpose of resolving the motion to dismiss, the Court concludes that 42 U.S.C. § 2000e et seq., is applicable to the facts of this case and that plaintiff's November complaint was properly and timely filed with the EEOC. While certainly not binding upon the Court, we should not entirely disregard the fact that the EEOC took action on the complaint and notified plaintiff on May 6, 1974, that she had the right to initiate suit in Federal Court.

■ The fact that EEOC on April 7, 1972, dismissed the sex discrimination complaint filed by the plaintiff in March of 1972 does not bar plaintiff from seeking relief in Federal Court pursuant to the right to sue notice dated May 6, 1974.[2] The complaint was not dismissed on the merits but on the EEOC's understanding that Title VII did not apply to plaintiff's claim of sex discrimination against the defendants. The EEOC did not undertake an investigation of the factual allegations set forth in the complaint nor did the plaintiff receive notification of the right to sue in connection with the alleged March, 1972, complaint. Moreover, it is highly questionable as to whether the EEOC's dismissal of the

plaintiff's March, 1972, complaint was proper. As of March 24, 1972, the effective date of the 1972 amendments, the plaintiff's initial charge of sex discrimination was pending before the EEOC. Whether the removal of the educational exemption from the Act accomplished by the 1972 amendments is applicable to charges of sex discrimination pending as of the effective date of the Act has yet to be conclusively established. See, Johnson v. University of Pittsburgh, *supra*, 359 F.Supp. at p. 1007.

■ The defendants also contend that this Court lacks jurisdiction over the subject matter of plaintiff's complaint under Title VII on the basis that the plaintiff failed to timely file with the Pennsylvania Commission and then withdrew the complaint from the state agency prior to a final determination of the claims raised therein. It is clear that, where there exists a state or local agency authorized to grant or seek relief against employment discrimination, the complaining party must first make an attempt to exhaust such state and local remedies. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Rouse v. Gulf Oil Corporation, 350 F.Supp. 178 (E.D.Pa.1972); 42 U.S.C. § 2000e–5(b). Upon the expiration of 60 days after the state proceeding has been commenced or upon its earlier termination, the complainant must then file a charge with the EEOC. 42 U.S.C. § 2000e–5(b). On June 2, 1972, plaintiff filed a complaint with the Pennsylvania Commission alleging that she was not reappointed as an Assistant Professor or considered for promotion "because of her sex."[3] In the space provided on the

---

2. Plaintiff alleged that she did not file a formal charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") in March, 1972, but "merely consulted" the Federal agency. According to the plaintiff, only one EEOC complaint was filed and that was on November 27, 1972 [see plaintiff's response to defendants' Motion to Dismiss the Complaint and her Brief in Opposition to Defendants' Motion to Dismiss]. The present record does not disclose a copy of the charge allegedly filed by the

plaintiff in March. However, the defendants have submitted a copy of a letter from the EEOC to the plaintiff dated April 7, 1972, in which the Federal Commission informs the plaintiff that her "charge of employment discrimination" and "your complaint" must be dismissed because of the inapplicability of Title VII.

3. See, Exhibit B attached to defendants' memorandum brief in support of the defendants' motion to dismiss.

standard Pennsylvania Commission form, the plaintiff claimed that the alleged discriminatory practice occurred on or about February, 1972, and was of a continuing nature which had persisted up to the time of the filing of the complaint.

The Pennsylvania Commission requires that all complaints must be filed within 90 days of the alleged discriminatory act. 43 P.S. § 959 (Supp. 1974). Plaintiff's allegation on the face of the Pennsylvania Commission complaint that the defendant's alleged discriminatory practices had continued up to the filing of the complaint satisfies the above-stated statutory requirement. With respect to plaintiff's claim of discrimination of a continuous nature, it is important to note that the complaint filed in this Court alleges that in May of 1972 a male with considerable less academic qualifications than the plaintiff was interviewed and considered by the college for the position held by the plaintiff. Whether such is in fact the case is not relevant here. The significance of the allegation lies in the complainant's contention that the interviewing of a male candidate for the very position that she held constituted a discriminatory act. Hence, the alleged discriminatory act occurred within 90 days of the filing of the complaint with the state agency, and the complaint must be deemed to have been timely filed.

In addition, the withdrawal of the complaint from the state commission approximately 23 months after it was filed does not preclude the invocation of Federal jurisdiction. Section 2000e–5(c) provides that no charge may be filed with the Federal Commission before the expiration of 60 days after proceedings have been commenced under state law. As previously discussed, plaintiff filed her complaint with the state commission on June 2, 1972. There can be no question that the required 60 days had elapsed prior to the filing of the charge of sex discrimination with the EEOC. The withdrawal of the state commission complaint in May of 1974 does not support a finding that the plaintiff has failed to exhaust her state administrative remedies, particularly in light of the fact that the state commission had almost two years to consider the discrimination complaint.

In sum, the Court concludes that plaintiff has satisfied the jurisdictional prerequisites for the filing of a civil action under Title VII. The appropriate state remedies have been exhausted, a timely charge was filed with the EEOC, and the plaintiff has received a right to sue notice. McFadden v. Baltimore Steamship Trade Association, 352 F. Supp. 403 (D.Md.1973); Rouse v. Gulf Oil Corporation, *supra*, 350 F.Supp. at p. 179. In that the Court has jurisdiction under 42 U.S.C. § 2000e et seq., it is unnecessary at this time to determine whether plaintiff has a valid cause of action under 42 U.S.C. §§ 1981, 1983, and 1985(3). See, Johnson v. University of Pittsburgh, *supra*, 359 F.Supp. at p. 1007. Accordingly, defendants' motion to dismiss the complaint under Fed.R.Civ.P. 12 will be denied.