Joseph S. **BELL**

v.

**WYETH LABORATORIES, INC., Charles Kern, Peter B. Russell and James Johnson.**

**Civ. A. No. 77–595.**

United States District Court, E. D. Pennsylvania.

March 27, 1978.

As Corrected April 13, 1978.

Nicholas J. Nastasi, Philadelphia, Pa., for plaintiff.

Edward W. Madeira, Jr., Murray S. Levin, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FOGEL, District Judge.

This is an employment discrimination case in which the plaintiff, Joseph S. Bell, ("Bell"), alleges that his discharge by defendant, Wyeth Laboratories, Inc., ("Wyeth"), was a result of unlawful sex discrimination. Asserting a variety of federal claims, as well as claims grounded in state law,[1] Bell invokes our jurisdiction under 28 U.S.C. §§ 1341, 1343, and under principles of pendent jurisdiction.

The defendants have moved for the dismissal of all claims, pursuant to Fed.R. Civ.P. 12(b). Subsequent to the filing of the defendants' Motion to Dismiss, the parties stipulated to the dismissal of all claims, other than plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Wyeth and the individual defendants Kern, Russell, and Johnson.[2] The only matter which remains pending, at this juncture, is defendants' Motion to Dismiss those Title VII claims.

With respect to the Title VII claims, defendants contend that we lack subject matter jurisdiction, due to plaintiff's failure to satisfy the jurisdictional prerequisites which act as conditions precedent to filing a Title VII action in the district court. This contention is two-fold: *first,* defendants contend that plaintiff failed to comply with the deferral provisions of § 706(c) of the Civil Rights Act of 1964, As Amended, 42 U.S.C. § 2000e–5(c); and *second,* they argue that plaintiff failed to file a timely charge with the Equal Employment Opportunity Commission, as required by § 706(e) of the Act, 42 U.S.C. § 2000e–5(e).

Thus, an issue with which we are squarely faced, is whether Bell's failure to present his claim of sex discrimination to the Pennsylvania Human Relations Commission deprives us of jurisdiction to entertain this action under Title VII in this court.

Section 706(c) of the Act, the so-called "deferral provision," provides in pertinent part as follows:

> In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and

---

1. The Complaint asserts federal causes of action under 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981, 1983, 1985(3); the Fourteenth Amendment; Executive Orders 11246, 11375, 11478; 29 U.S.C. § 206(d)(1). Bell also claims violations of Article One of the Pennsylvania Constitution, and he asserts claims under state law for defamation, breach of contract, and interference of business relationship.

2. The defendants originally named in this action were: Wyeth; Charles Kern, Chairman of the Board of Wyeth; Peter B. Russell, Director of Research at Wyeth; James Johnson, Vice-President of Industrial Relations at Wyeth; American Home Products Corporation, a parent corporation of defendant Wyeth; and John Culligan, President of American Home Products Corporation.

The parties subsequently stipulated to the dismissal of all claims against defendants American Home Products Corporation and John Culligan. The parties also stipulated to the dismissal of the state law claims, and of the following federal claims: 42 U.S.C. §§ 1981, 1983, 1985(3); Executive Orders 11246, 11375, 11478; Equal Pay Act, 29 U.S.C. § 206; and the Fourteenth Amendment.

In accordance with the agreement of the parties, our Order of July 13, 1977, dismissed all of the above claims, leaving only the Title VII claims, against defendants Wyeth, Kern, Russell, and Johnson, outstanding.

establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, . . .

42 U.S.C. § 2000e–5(c).[3] Pennsylvania has a statute prohibiting employment discrimination on the basis of sex and establishing the Pennsylvania Human Relations Commission to enforce that statute, 43 P.S. § 951 et seq.

The legislative history of § 706(c)—as gleaned from the 1964 legislative debates—demonstrates a Congressional concern that Title VII, as originally drafted, might bypass efforts at the state and local level to deal with discriminatory employment practices. Accordingly, the bill was amended so as to guarantee the States the opportunity to bring their expertise and experience to bear, without premature interference by the Federal Government. *See,* Humphrey Explanation of Titles VII and XI, Legislative History of Title VII and XI of Civil Rights Act of 1964, United States Equal Employment Opportunity Commission, page 3008. Senator Humphrey introduced the § 706 amendment with the following explanation:

If the practice complained of occurs in a State or locality which has a law prohibiting such practices and establishing an agency to deal with them and there is no such agreement, the individual complainant cannot file his charge with the Commission until the State or local agency has been given an opportunity to handle the problem under State or local law. However, after the agency has had 60 days to adjust the complaint or after it terminates proceedings on it, the complainant may go to the Federal Commission.

Humphrey Explanation, *supra,* at 3003. We believe that the legislative history supports our conclusion that § 706(c) requires that an aggrieved person resort to state agencies prior to filing a charge of discrimination with the EEOC; and that failure to resort to the state agency constitutes a jurisdictional bar to a Title VII action. Other courts, upon reviewing the legislative history, having reached conclusions consistent with our own. *See, e. g., Dubois v. Packard Bell Corporation,* 470 F.2d 973, 975 (10th Cir. 1972); *Crosslin v. Mountain States Telephone and Telegraph Co.,* 422 F.2d 1028, 1030–1031 (9th Cir. 1970).

In our interpretation of § 706(c), we are guided by the Supreme Court's decision in *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). *Love* was a case in which the EEOC, upon receipt of a written charge of employment discrimination, orally referred the charge to the Colorado Civil Rights Commission, and then formally "filed" the charge upon termination of the state proceedings. In holding that this procedure complied with the provisions of the Civil Rights Act, the Court noted that:

A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief.

404 U.S. at 523, 92 S.Ct. at 617. Implicit in the *Love* opinion is the conclusion that prior resort to a state agency, where one is available, is one of the "avenues of potential administrative relief" which a prospective Title VII plaintiff must have unsuccessfully pursued.

Although *Love* does not *hold* that an aggrieved person's failure to present his claim of discrimination to an appropriate state agency deprives the district court of jurisdiction over a Title VII claim, the Supreme Court decision certainly suggests such a conclusion. Lower courts, relying upon

---

**3.** Prior to the 1972 Amendments, Pub.L. 92–261, the present § 706(c) was denominated § 706(b), 42 U.S.C. § 2000e–5(b).

*Love,* have had little difficulty in interpreting § 706(c) as erecting such a jurisdictional bar to Title VII plaintiffs who have failed to resort to state agencies. Shortly after the *Love* decision, Judge Troutman, of our own Eastern District of Pennsylvania, analyzed the requirements of the § 706(b) deferral provision:

> In order to file a suit seeking relief for an unfair employment practice under Title VII of the Act, a plaintiff must exhaust a series of somewhat complicated procedural prerequisites. Initially, where State or local law prohibits the unfair employment practices alleged and authorizes a State or local authority to grant relief, no charge may be filed with the EEOC prior to an attempt to exhaust State and local remedies. 42 U.S.C. § 2000e–5(b).
>
> . . . in order to satisfy the jurisdictional prerequisites to the commencement of a civil action under Title VII of the Act, an aggrieved person must attempt to exhaust the appropriate State and local remedies, where available . .

*Rouse v. Gulf Oil Corporation,* 350 F.Supp. 178 (E.D.Pa.1972). Subsequent decisions in this district, and in the Third Circuit, have reaffirmed the validity of this interpretation of the deferral provision of the Civil Rights Act.

In *Presseisen v. Swarthmore College,* 386 F.Supp. 1337 (E.D.Pa.1974), Judge Bechtle rejected a contention that the court lacked jurisdiction over a Title VII action, where the plaintiff had in fact first filed a complaint with the Pennsylvania Human Relations Commission. The court summarized the deferral requirement as follows:

> It is clear that, where there exists a state or local agency authorized to grant or seek relief against employment discrimination, the complaining party must first make an attempt to exhaust such state and local remedies. *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Rouse v. Gulf Oil Corporation,* 350 F.Supp. 178 (E.D.Pa. 1972); 42 U.S.C. § 2000e–5(b).

*Presseisen, supra,* 386 F.Supp. at 1340. In accord, *Flesch v. Eastern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963 (E.D.Pa. 1977).

Having considered the provisions of § 706, their legislative history, and the manner in which § 706(c) has been interpreted by the courts, we find no support whatsoever for the plaintiff's argument that resort to a state agency is merely elective. We hold that compliance with § 706(c), the deferral provision of Title VII, is a jurisdictional prerequisite to the maintenance of a Title VII suit in the district court. Bell's failure to present his claim to the Pennsylvania Human Relations Commission constitutes noncompliance with the § 706(c) jurisdictional prerequisite.

Accordingly, we will dismiss plaintiff's Title VII claims—the only claims remaining in this litigation—for lack of jurisdiction, based upon Bell's noncompliance with the jurisdictional prerequisites of § 706(c) of the Act. Since our holding with respect to § 706(c) is a dispositive one, we decline to reach the issue of whether Bell also failed to comply with the provisions of § 706(e), concerning timely filing with the Equal Employment Opportunity Commission.

An appropriate order will issue.