Rita ALBANO, Plaintiff,

v.

GENERAL ADJUSTMENT BUREAU, INC. (GAB) a/k/a G. A. B. Business Services, Defendant.

No. 78 Civ. 5153 (GLG).

United States District Court, S. D. New York.

Nov. 1, 1979.

**1210**

Margot Karle, New York City, for plaintiff.

Jackson, Lewis, Schnitzler & Krupman, New York City, for defendant; Joel L. Finger, Thomas C. Greble, Michael S. Cecere, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

In this action commenced pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, the defendant has moved for summary judgment, alleging that the plaintiff has failed to satisfy the jurisdictional prerequisites necessary for commencement of this action.

Plaintiff, Rita Albano, was employed in October, 1973 by the defendant, General Adjustment Bureau, Inc. ("GAB"), first as a typist, and later as a Branch Office Secretary. During the course of her employment the plaintiff applied for a position as Property Adjuster, a job which, she states, was then, and continues to be, almost exclusively filled by male employees. Although her application was initially turned down, the plaintiff alleges that she was subsequently told, in September, 1975, that she would be promoted to that position. Prior to the effective date of that promotion, however, the alleged offer was rescinded, and the plaintiff was appointed to a different job as a Casualty Adjuster.

Following the denial of this promotion, the plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), in late October, 1975, a signed charge alleging discrimination by the defendant. On

November 10, 1975 the EEOC responded, advising the plaintiff that it had sent a copy of her complaint to the New York City Commission on Human Rights ("CCHR"), as required under the procedural provisions of Title VII.[1]

On November 14, 1975, the plaintiff received a letter from the CCHR advising her that it had received a copy of her EEOC complaint, and requesting that she come to its offices to file a formal CCHR complaint. The plaintiff, apparently upon the advice of counsel (not her present attorney), chose to ignore this request and informed the CCHR that she would instead be filing a complaint with the New York State Division of Human Rights ("NYSDHR").[2] Thereafter, the plaintiff alleges that she was told by her attorney that such a complaint was filed. The plaintiff has now stipulated to the fact that no complaint was ever filed with the NYSDHR.

On January 13, 1976, the EEOC advised the plaintiff that, as the sixty day waiting period[3] had expired, her complaint would be administratively closed unless the plaintiff informed the EEOC within seven days of her intent to press her charges. The plaintiff's counsel so informed the EEOC, and thereafter cooperated with the EEOC in its investigation, which resulted in a

finding of probable cause to believe that the defendant had violated the plaintiff's rights under Title VII. At no time during these proceedings was it suggested, either by any of the parties or by the EEOC itself, that there had been any failure to employ or exhaust state remedies. From the papers before the Court it does not appear that the EEOC followed up its initial communication with the CCHR to determine what had been the disposition of those proceedings.[4]

After a failure of conciliation proceedings, the EEOC issued a Notice of Right to Sue on behalf of the plaintiff. Plaintiff subsequently filed the instant action on October 27, 1978. Thereafter, upon discovering that the NYSDHR had no record of a complaint filed with it by her (by her former counsel), the plaintiff filed, in June, 1979, a new complaint with the CCHR.

The defendant has now moved for summary judgment, alleging that the plaintiff failed to satisfy the jurisdictional prerequisite of having filed a complaint with the appropriate state agency prior to proceeding before the EEOC and prior to commencing this action.

Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(c),[5] sets forth the procedures to

---

1. Title VII, § 706(b), 42 U.S.C. § 2000e–5(c). *See* note 4 *infra* and accompanying text.

2. Under the terms of N.Y.Gen.Mun. Law § 239–s (McKinney 1974), "the jurisdiction of the New York city commission on human rights in relation to matters [arising] within the city of New York shall be deemed to be concurrent with the jurisdiction of the New York state division of human rights." As a result, the instant plaintiff had the option of filing her complaint with either the city or state agency, each of which would have had jurisdiction over her complaint.

3. Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(c), mandates that no charge may be filed with the EEOC prior to the expiration of sixty days after proceedings have been commenced with the appropriate state agency, unless such proceedings have been earlier terminated.

4. The Court is frankly perplexed at the manner in which the EEOC plunges forward on these matters without awaiting state action. Congress has made it clear that the state agencies

are to be the initial forum, and must be given an opportunity to act before the EEOC can take jurisdiction. See note 5 *infra*. Simply waiting sixty days and then, without any followup, assuming jurisdiction, appears to be an inadequate manner in which to assure that such an opportunity has been afforded.

5. Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(c), provides that:

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-

be followed when an alleged discriminatory employment practice has occurred in a state, or local subdivision thereof, such as New York State, see N.Y.Exec. Law § 290 et seq. (McKinney 1972), and New York City, see N.Y.C.Admin.Code § B1–1.0 et seq. (1976), whose law both prohibits such a discriminatory practice and provides for a state or local administrative agency that has the power to remedy such violation. In that situation, a complaint must first be filed with the appropriate state or local agency, so that they may have the first opportunity to resolve the dispute, and only upon the "expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated," may charges be filed with the EEOC.

In deciding whether the required sixty day period has expired, and thus whether a complaint can properly be filed with the EEOC, a court must determine when the state or local administrative proceeding was commenced. In the instant action the plaintiff argues, alternatively, that her action was commenced with the local agency either when the EEOC sent a copy of her complaint to the CCHR, or, if not at that time, at least at the point when she filed a formal complaint with the CCHR on or about June 27, 1979. In either event, she claims, such filing served to afford the local agency an adequate opportunity to resolve the dispute, and sufficiently complied with the procedural requirements of Title VII so that she may now proceed in federal court.

We turn first to the question as to the timeliness of the June, 1979 filing with the CCHR. The plaintiff, relying heavily upon the Supreme Court's recent decision in Oscar Mayer & Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), argues that, even coming after the EEOC had completed its investigation and issued its "right to sue" letter, and after the commencement of the instant action, such filing was timely, and, as sixty days have now passed, has served to satisfy the procedural requirements of section 706(b). Conversely, the defendant asserts that, as the filing of the state charges and the sixty day waiting period is a condition precedent to valid EEOC proceedings, and as the EEOC proceedings had already concluded by the time the June, 1979 complaint had been filed, this late filing cannot correct the procedural irregularities of this action. Thus, the defendant argues, the plaintiff cannot comply with the requirements of section 706(b).

In Oscar Mayer & Co. v. Evans, supra, the Supreme Court was confronted with the problem of determining the proper interpretation to be afforded to section 14(b) of the Age Discrimination in Employment Act of 1967 ("ADEA"). After finding that section 14(b) of the ADEA was patterned after section 706(b) of Title VII, 441 U.S. at 755, 99 S.Ct. at 2071, the Court noted that the ADEA, like Title VII, required resort to a state administrative agency (if such agency was both available and appropriate) prior to proceeding with an action in federal court. The Court went on to hold, however, that this requirement of the ADEA could still be satisfied, even if federal administrative proceedings before the Department of Labor had already been completed, and an action in federal court already commenced, so long as the appropriate agency was given an opportunity, prior to continuation of the federal action, to entertain the complaint. Accordingly, the Court remanded the action with an order directing the district court to hold the action in abeyance pending compliance with the mandates of section 14(b). 441 U.S. at 765, 99 S.Ct. at 2076.

■ The plaintiff contends that the reasoning of Oscar Mayer applies as much to Title VII as it does to the ADEA and that,

---

day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

as a result, her initial failure to file with the state as required by section 706(b) was cured by her filing with the CCHR after commencement of the instant action. This Court cannot agree. While the purposes of both the ADEA and Title VII are, in many ways, very similar, the procedural mechanisms and time strictures established for them vary greatly. As the Supreme Court noted in *Oscar Mayer*, 441 U.S. at 756–57, 99 S.Ct. at 2071–72, Title VII, unlike the ADEA, which provides for concurrent federal and state agency jurisdiction,[6] provides for sequential jurisdiction whereby the person aggrieved must first file with the state antidiscrimination agency before being able to file with the EEOC. As a result, only after the appropriate state agency has been given its required opportunity to resolve the claim does the EEOC obtain the subject matter jurisdiction necessary so as to proceed with its investigation and issue a "right to sue" letter. If the EEOC acts, as it did in the instant action, before the state agency has had such an opportunity, it has done so in derogation of section 706(b) and without the requisite jurisdiction. Such a failing cannot be cured by a subsequent filing with the state.

Having determined that the subsequent filing could not remedy the alleged procedural defects, the Court must next determine whether such defects actually existed prior to the filing of the instant complaint.

The plaintiff contends that the EEOC's action in sending a notice of the filing of a charge with it to the CCHR constituted a filing with the state. Accordingly, the plaintiff asserts that she has satisfied the requirements of section 706(b) and may proceed with this action. Her assertion raises two questions: (1) whether the sending of this notice of filing in itself constituted an adequate filing with the state under section 706(b); and, if so, (2) whether the plaintiff, by informing the CCHR that she would not process her complaint through it, withdrew

this filing and thereby dissipated her compliance with the statute.

■ In determining whether the "labyrinthine" procedural requirements of Title VII have been satisfied, the courts have taken a "flexible stance" so as to avoid "shield[ing] illegal discrimination from the reach of the Act." *Egelston v. State University College at Geneseo*, 535 F.2d 752, 754–55 (2d Cir. 1976). *See Silver v. Mohasco Corp.*, 602 F.2d 1083 (2d Cir. 1979). Thus the Supreme Court held, in *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), a case where a complaint was filed with the EEOC prior to exhaustion of state remedies, that the procedural requirements of section 706(b) may be met where the EEOC, "acting on behalf of the complainant," referred such charge to the appropriate state agency and then deferred its own proceedings for the proper time so as to allow the state agency the first opportunity to resolve the dispute. *Id.* at 525–26, 92 S.Ct. at 618. *See Jefferson v. Peerless Pumps Hydrodynamic*, 456 F.2d 1359 (9th Cir. 1972); *Mills v. Fox*, 421 F.Supp. 519, 524 (E.D.N.Y.1976); *Leisner v. New York Telephone Co.*, 358 F.Supp. 359, 362 n.1 (S.D.N.Y.1973). So long as the state agency is given this first opportunity, and regardless of the fact that the state complaint may technically have been filed after the EEOC complaint, the purpose of section 706(b) has been complied with, and the action may proceed.

■ In the instant action the EEOC's referral of the plaintiff's charge to the CCHR seemingly falls within the broad language of *Love v. Pullman Co., supra*, and the subsequent cases and thus constitutes a valid filing with an appropriate state agency. Had the plaintiff chosen at that point to cooperate with the CCHR in its upcoming investigation of her claim, there would now be little doubt as to whether the procedural requirements of section 706(b) had

---

6. In explaining the necessity for the use of concurrent rather than sequential jurisdiction under the ADEA, the Supreme Court noted: "The premise for this difference is that the delay inherent in sequential jurisdiction is particularly prejudicial to the rights of 'older citizens to whom, by definition, relatively few productive years are left.'" 441 U.S. at 757, 99 S.Ct. at 2072 (quoting 113 Cong.Rec. 7076 (1967) (remarks of Sen. Javits)).

been satisfied. This, however, was not the case, as the plaintiff chose to decline to file a formal complaint with the CCHR, as requested, and instead informed it (apparently through her former counsel) that she would be processing her complaint through the NYSDHR. No further action was taken by the CCHR after that point.

■ In passing section 706(b) of Title VII, Congress intended to "give state agencies a prior opportunity to consider discrimination complaints," *Love v. Pullman Co., supra,* 404 U.S. at 526, 92 S.Ct. at 618, so as to avoid "premature interference by the Federal Government," *Bell v. Wyeth Laboratories, Inc.,* 448 F.Supp. 133, 135 (E.D.Pa. 1978), in suits that could be more easily resolved at the state administrative level. *See Dubois v. Packard Bell Corp.,* 470 F.2d 973 (10th Cir. 1972); *Lombardi v. Margolis Wines & Spirits, Inc.,* 465 F.Supp. 99, 101 (E.D.Pa.1979). Thus, the courts, although they have been flexible in interpreting the form, manner, and timing (for statute of limitations purposes) of filing with the state and EEOC that would comport with the requirements of the statute, *see Silver v. Mohasco Corp., supra; Ferguson v. Kroger Co.,* 545 F.2d 1034 (6th Cir. 1976); *but see Chappell v. Emco Machine Works Co.,* 601 F.2d 1295 (5th Cir. 1979), have nevertheless all looked to insure that the relevant state agency has had a genuine first opportunity to act upon the complaint if it so desired. *See, e. g., Love v. Pullman Co., supra,* 404 U.S. at 524, 92 S.Ct. 616 (state authority, after receiving notification from the EEOC, informed the EEOC that it was waiving its opportunity to take further action); *Silver v. Mohasco Corp., supra,* 602 F.2d at 1085–86 (after referral from the EEOC, plaintiff filed a formal complaint with the state agency, which thereafter proceeded with its investigation); *Jefferson v. Peerless Pumps Hydrodynamic, supra,* 456 F.2d at 1360 (after referral by the EEOC, plaintiff filled out and returned forms sent to him by the

state agency so that it could proceed with its investigation); *Lombardi v. Margolis Wines & Spirits, Inc., supra,* 465 F.Supp. at 100–101 (pursuant to an agreement between the EEOC and the state agency, the state agency voluntarily waived its opportunity and its jurisdiction to investigate and attempt to resolve the complaint).[7]

■ Moreover, it has been held that where the appropriate state agency has not been afforded a *bona fide* first opportunity to act upon a claim over which it has jurisdiction, the procedural requirements of section 706(b) have not been satisfied and, as a result, the claimant may not maintain his action in federal court. *See Dubois v. Packard Bell Corp., supra,* 470 F.2d at 975; *Crosslin v. Mountain States Telephone and Telegraph Co.,* 422 F.2d 1028, 1030–32 (9th Cir. 1970); *Bell v. Wyeth Laboratories, Inc., supra,* 448 F.Supp. at 135–36. Similarly, it seems clear that where a claimant has voluntarily terminated state administrative proceedings before the state agency had an opportunity to investigate the claim (and before the expiration of sixty days), the claimant cannot then assert that all state remedies have been adequately pursued. *See Lombardi v. Margolis Wines & Spirits, Inc., supra,* 465 F.Supp. at 101. *See also Rios v. Enterprise Association Steamfitters Local Union No. 638,* 326 F.Supp. 198, 203 (S.D.N.Y.1971).

■ The plaintiff, arguing that, under *Love v. Pullman Co., supra,* her action was commenced with the CCHR at the point when it received notification from the EEOC, contends that the actions of the EEOC satisfied the procedural requirements of section 706(b). That argument seems disingenuous. The purpose of section 706(b), as the Court has mentioned, is to insure that the states be given a first, *bona fide,* opportunity to resolve the complaint. Even assuming that the EEOC's notification of the CCHR was sufficient to initiate

---

7. Under certain circumstances it may also be found that where an individual makes a "good faith effort to comply with the "administrative process," and relies upon the expertise and advice of the EEOC to "implement proper pro-

cedures," such individual should not be barred from bringing suit by the EEOC's failure to defer to the appropriate state agency. *McAdams v. Thermal Industries, Inc.,* 428 F.Supp. 156, 161 (W.D.Pa.1977).

the proceedings, as it likely was, the subsequent actions by the plaintiff served effectively to foreclose any opportunity the CCHR would have to conduct an investigation. The plaintiff refused to cooperate with the CCHR and refused to file a verified complaint with it. As a result of such actions the CCHR, believing that it lacked even the jurisdiction to conduct any investigation, see N.Y.C.Admin.Code § B1–8.0 (1976), and having been told that a complaint would be filed instead with the NYSDHR, a body that had concurrent jurisdiction over the matter, returned the notice it had received regarding the plaintiff to the EEOC and thereafter conducted no proceedings. Under such circumstances, it can hardly be argued that the plaintiff afforded the CCHR any meaningful opportunity to investigate and act upon her complaint.[8]

■ Attempting to avoid the consequences of the situation, the plaintiff asserts that she attempted to comply with all of the procedural requirements of section 706(b) and that whatever irregularities may exist are the result of omissions and misstatements by her former attorney. While this may be so, and while the Court has no reason to believe that the plaintiff has attempted to be anything but truthful in stating that recourse to state administrative proceedings was to be made, she cannot in this manner avoid responsibility for the actions of her attorney. The situation here is similar to that in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962), where the Supreme Court noted: "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation . . .." *Accord, Davis v. United Fruit Co.*, 402 F.2d

328, 331 (2d Cir. 1968), *cert. denied*, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969).[9]

Undisputed facts show that no opportunity was afforded to either the CCHR or the NYSDHR to investigate or resolve the plaintiff's complaint. As a result, the procedural prerequisite under section 706(b) of Title VII for filing a complaint with the EEOC, and for proceeding with an action in federal court, have not been fulfilled. Accordingly, as the conditions precedent for federal jurisdiction have not been met, this Court lacks the subject matter jurisdiction to entertain this suit.

Defendant's motion for summary judgment is granted. The action is hereby dismissed.

SO ORDERED.

---

8. Moreover, the NYSDHR, with whom, as the plaintiff now stipulates, no complaint was ever filed, and which received no notification of the plaintiff's complaint from the EEOC, also clearly had no opportunity to investigate or resolve the claim.

9. The Court expresses no opinion as to whether the plaintiff may have legal recourse against her former attorney as a result of her conduct.