Barbara Ann **HUGGLER**

v.

**ELKINS STROUD SUPLEE & COMPANY**

Civ. A. No. 79–3505.

United States District Court, E. D. Pennsylvania.

July 11, 1980.

Methuselah Z. O. Bradley, Philadelphia, Pa., for plaintiff.

Ian A. L. Strogatz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GILES, District Judge.

In her first amended complaint, plaintiff alleges sexual harassment by her defendant–employer in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–16. She claims that on December 12, 1978, within one hundred eighty days of the alleged discriminatory practice, charges of employment discrimination were filed with the Philadelphia District Office of the Equal Employment Opportunity Commission ("EEOC") as required by Title VII.[1]

■ Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, defendant has moved to dismiss on the ground that plaintiff failed to allege in the complaint that she, or the EEOC acting on her behalf, exhausted state or local administrative remedies prior to instituting an action in federal court. Such exhaustion is a jurisdictional prerequisite, defendant submits. The court agrees. However, for the reasons set out below, pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff shall be granted leave to amend her complaint with-

1. Plaintiff's original complaint had erroneously stated that a Notice of Right to Sue was received by her on June 26, 1979. In response to a motion to dismiss, she then filed a document with the court on February 6, 1980, evidencing a Notice of Right to Sue dated February 5, 1980. Plaintiff was granted leave to amend her complaint to state the date she actually received a written Notice of Right to Sue from the EEOC. The first amended complaint reinstitutes only the Title VII action and alleges that the Notice of Right to Sue was received on February 5, 1980. This action was originally brought by plaintiff under the Thirteenth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Title VII. Had plaintiff reinstituted all original causes of action, the non–Title VII claims would have been dismissed.

Section 1981 provides no remedy to victims of sexual discrimination but applies only to discrimination on the basis of race. *See Runyon v. McCrary*, 427 U.S. 160, 170–71, 96 S.Ct. 2586, 2592–2593, 49 L.Ed.2d 415 (1976). The Thirteenth Amendment has no application to sex discrimination in employment. *Ludwig v. Quebecor Dailies, Inc.*, 475 F.Supp. 57, 59 (E.D.Pa.1979). The prohibitions of the Fourteenth Amendment have no application to private conduct, but apply only to "state action." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Section 1983 is not applicable unless defendant's allegedly discriminatory conduct can be said to be state action or to have been taken "under color of state law." *Broderick v. Associated Hosp. Serv.*, 536 F.2d 1 (3d Cir. 1976), and Section 1985 "may not be invoked to redress violations under Title VII." *Great Am. Fed. Sav. & Loan Ass'n. v. Novotny*, 442 U.S. 366, 378, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).

in fifteen days from the date hereof to further state whether the EEOC, acting on her behalf, exhausted state and/or local administrative remedies before commencing this lawsuit.

Section 706(c) of Title VII establishes the procedure for the enforcement of its substantive provisions and provides, in pertinent part, that

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated . . . .

42 U.S.C. § 2000e–5(c)

Defendant correctly states that the Pennsylvania Human Relations Commission ("PHRC"), acting pursuant to the Pennsylvania Human Relations Act, Pa.Stat.Ann. Tit. 43, §§ 951–963 (Purdon 1964 Pa.Supp. 1980–81), is the state administrative body empowered to grant relief. The PHRC is a "706 agency", that is, a state agency which "satisfies the criteria stated in Section 706(c)." 29 C.F.R. §§ 1601.3 & 1601.74. Compliance with Section 706(c) is a jurisdictional prerequisite to the bringing of a Title VII action in federal district court. *Black Musicians v. Local 60–471, American Federation of Musicians,* 375 F.Supp. 902 (W.D.Pa.1974), *aff'd mem.,* 544 F.2d 512 (3d Cir. 1976), *Bell v. Wyeth Laboratories, Inc.,* 448 F.Supp. 133 (E.D.Pa.1978). This prerequisite may be satisfied, though, by the EEOC by its internal procedures, pursuant to regulation, as well as by the plaintiff.

In *Mohasco Corp. v. Silver,* 447 U.S. 807 at 816, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980), the Supreme Court reaffirmed

its holding in *Love v. Pullman,* 404 U.S. 522, 525, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972), to the effect that "[n]othing in the [Civil Rights] Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself." The Supreme Court has thus repeatedly held that state proceedings are properly instituted and § 706(c) is satisfied by the EEOC when it promptly forwards a copy of plaintiff's charge to the appropriate state agency.

The EEOC has adopted a deferral procedure "to simplify filing procedures for parties . . . and thereby avoid the accidental forfeiture of important Federal rights." *McAdams v. Thermal Industries,* 428 F.Supp. 156, 158 n.6 (W.D.Pa.1977); *see* 29 C.F.R. § 1601.13. This regulation mandates that if a charge is filed prematurely with the EEOC, a copy must be transmitted to the appropriate 706 agency. The charge itself is held by the EEOC until the termination of the local or state proceedings or the expiration of the sixty–day waiting period, whichever occurs first. The EEOC may then process the case.

Courts have consistently held that EEOC compliance with this regulation satisfies the jurisdictional prerequisite of exhaustion of state and local remedies. *See Shehadeh v. Chesapeake & Potomac Telephone Co.,* 595 F.2d 711, 717 n.20 (D.C.Cir.1978); *Flesch v. Eastern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963, 969 n.3 (E.D.Pa.1977). The deferral procedure is "sufficiently in compliance with the dictates of the Act to defeat a motion to dismiss under Rule 12(b)(1)." *Winsey v. Pace College,* 394 F.Supp. 1324, 1328 (S.D.N.Y.1975). As was well stated in *McAdams v. Thermal Industries, Inc.,* 428 F.Supp. 156 (W.D.Pa.1977).

By creating this state exhaustion requirement, Congress did not intend to saddle individuals with burdensome legal technicalities or jurisdictional pitfalls. . . . [T]he individual's access to the courts must be vigorously protected. . . . Thus, when an individual makes a good faith effort to comply with the administrative process by filing charges with the EEOC

and relies on the special expertise of the EEOC to implement proper procedures, including deferral to the proper state agency, he should not be barred from suit. This result in no way permits circumvention of the conciliation process, since the EEOC must proceed with the matter after deferral to the state anyway.

*Id.* 161 (citations omitted).

Defendant cites *Richardson v. Miller,* 446 F.2d 1247 (3d Cir. 1971) in support of its position. This case is inapposite. There, an action was dismissed when plaintiff filed a discrimination charge with neither the state agency *nor* with the EEOC. However, in the present case, plaintiff alleges in her complaint she did file charges with the EEOC. Likewise inapposite is *Albano v. General Adjustment Bureau, Inc.,* 478 F.Supp. 1209 (S.D.N.Y.1979), *aff'd.,* 622 F.2d 572 (2d Cir. 1980). There, the court granted a motion for summary judgment on the grounds that available state or local administrative remedies were not exhausted. There is no summary judgment motion before this court at this time.

█ In considering a motion to dismiss for lack of jurisdiction which attacks the complaint on its face, the court must consider the allegations of the complaint as true. *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884 (3d Cir. 1977).

In *Flesch,* plaintiff filed a charge of discrimination directly with the EEOC, which then issued a letter of determination stating that its investigation of the charge did not show reasonable cause to believe that defendant–employer had violated Title VII. However, the letter also stated that all jurisdictional requirements had been met. In the complaint, there was no specific allegation that state administrative remedies had been exhausted. The court regarded the statement in the letter of determination, which was a part of the complaint, "as a satisfactory allegation of compliance with this jurisdictional prerequisite." *Flesch,* 434 F.Supp. at 969 n.3.

In the instant case, plaintiff states that she filed initially with the EEOC. In its first memorandum in support of the motion to dismiss, defendant contends that plaintiff received a letter of determination informing her that the EEOC had no reasonable cause to believe that her charges of harassment were true, and informing her of her right to sue. That letter of determination, defendant's Exhibit "B" of its first memorandum, contains a statement identical to that in the letter in *Flesch,* namely that "all jurisdictional requirements have been met." Plaintiff does not allege in either her original or amended complaint that she received this letter. Were this letter part of the complaint there would be a sufficient pleading of invocation or exhaustion of state remedies, following *Flesch,* to survive a motion to dismiss. Since defendant has stated that an EEOC communication does exist which satisfies the jurisdictional prerequisite, in the interests of justice, plaintiff shall be granted 15 days from the date of the attached Order to amend her complaint to allege specifically whether the EEOC, acting on her behalf, invoked or exhausted available state administrative remedies.

Accordingly, defendant's motion to dismiss shall be denied.