**Darlene GUSE et al., Plaintiffs,**

v.

**J. C. PENNEY COMPANY, INC., Defendant.**

**No. 74–C–511.**

United States District Court, E. D. Wisconsin.

Jan. 7, 1976.

Milwaukee Legal Services by Patrick O. Patterson, Richard M. Klein and Larry Farris, Milwaukee, Wis., for plaintiffs.

Foley & Lardner by Herbert P. Wiedeman and Stanley S. Jaspan, Milwaukee, Wis., for defendant; James P. Scanlan, E.E.O.C., Dept. of Justice Washington, D. C., amicus curiae.

DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action the plaintiff has challenged, as contrary to title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the defendant's sick leave, and health insurance plans. These plans allegedly run afoul of title VII's ban against sex discrimination in terms and conditions of employment. Each side has moved for summary judgment. The plaintiff has moved for a determination that the case may be maintained as a class action, and the defendant has moved for an order compelling discovery. In addition, the plaintiff has requested entry of an order pursuant to Rule 42(b), Federal Rules of Civil Procedure, requiring separate trials on issues with respect to liability and entry of declaratory and injunctive relief from those with respect to monetary relief.

### I. *The Discovery Motion*

The defendant seeks an order requiring Mr. Steinglass, as the representative of Milwaukee Legal Services, Inc. to answer certain inquiries propounded at an oral deposition conducted on March 14, 1975. The subject matter of the inquiry concerns Milwaukee Legal Services' ability to advance funds for the action should it be declared maintainable on behalf of a class of plaintiffs. In addition to the questions asked, the court is requested to order answers to additional questions touching on the same subject matter. I conclude that the defendant's motion should be granted.

The defendant seeks information concerning the financial status of Milwaukee Legal Services because the latter has agreed to advance the money necessary for the plaintiff to pursue this case as a class action. Accordingly, as to the issue whether the plaintiff is an adequate class representative for purposes of Rule 23(a)(4), the relevant inquiry concerning the ability to fund the costs of a class action focuses upon the assets of the plaintiff's attorneys. *Sayre v. Abraham Lincoln Federal Savings & Loan Association,* 65 F.R.D. 379, 383 (E.D.Pa.1974). Thus, the defendant's inquiries of Mr. Steinglass regarding the

financial position of Milwaukee Legal Services are indeed within the scope of relevancy for purposes of Rule 26, Federal Rules of Civil Procedure.

 The defendant has asked that the costs of this motion be assessed against the plaintiff, but such request is denied.

## II. *Class Action Motion*

The plaintiff desires to prosecute this case on behalf of the following persons:

"Áll women who (i) are presently employed or will in the future be employed by defendant in the state of Wisconsin; (ii) have been physically disabled from performing their assigned duties on or after June 8, 1972, or will be physically disabled from performing their assigned duties in the future, by reason of pregnancy, miscarriage, abortion, childbirth, or recovery therefrom; and (iii) have been denied, or will in the future be denied, compensation or benefits pursuant to defendant's practices and policies with respect to employees who become physically disabled from performing their assigned duties by reason of said causes."

I conclude that, with some alteration of the definition of the class quoted above, the plaintiff's motion for an order that this case may be maintained as a class action pursuant to Rule 23(b)(2) should be granted.

The defendant apparently concedes, and the record amply demonstrates, that the plaintiff meets the requirement of Rules 23(a)(1) and (a)(2), Federal Rules of Civil Procedure. However, the defendant urges that the plaintiff's claims are not typical of the class she seeks to represent as prescribed by Rule 23(a)(3), and that the plaintiff is not an adequate class representative for purposes of Rule 23(a)(4).

 .The plaintiff's complaint attacks various of the defendant's plans for fringe benefits as they apply to persons who suffer from pregnancy related disabilities. With one exception (health insurance benefits for pregnancy related

medical expenses), the fact that the plaintiff is unmarried does not set her apart from the women she seeks to represent. Moreover, the plaintiff has argued that even as to the health insurance benefits which might be provided to her for disability relating from pregnancy were she married, such benefits are lower than those received for other disabilities. Under these circumstances, I am not persuaded that the plaintiff's claims are atypical of those of the class as a whole. See *Long v. Sapp*, 502 F.2d 34, 43 (5th Cir. 1974); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir. 1969).

The defendant argues that the plaintiff is not an adequate class representative within the meaning of Rule 23(a)(4). It is urged that the plaintiff has not demonstrated that she has adequate resources to finance the costs of a class action. Although the plaintiff has the burden of showing sufficient financial ability, e. g., *Ralston v. Volkswagonwerk A.G.*, 61 F.R.D. 427, 433–34 (W.D.Mo. 1973), I believe that such burden has been met.

 The plaintiff's attorneys have stated that they will advance the costs necessary to pursue a class action. Furthermore, unlike a class action maintainable under Rule 23(b)(3), this action, because it is maintainable under Rule 23(b)(2), would not involve the often prohibitively costly individual notices to class members. See *Rota v. Brotherhood of Railway Airlines & S. S. Clerks*, 64 F.R.D. 699, 707–08 (N.D.Ill.1974). Moreover, while I indicated earlier in this opinion that the defendant may obtain discovery relating to the plaintiff's attorneys' finances, the defendant has done nothing more than express its unsubstantiated doubts concerning the plaintiff's attorneys' ability to advance class action costs.

Thus, in my judgment, the plaintiff's adequacy as a class representative, insofar as finances are concerned, is not fairly in question at this juncture in the litigation. Compare *Ralston v. Volkswagonwerk, supra; P.D.Q. of Miami v.*

*Nisson Motor Corp.,* 61 F.R.D. 372 (S.D. Fla.1973); *National Auto Brokers Corp. v. General Motors Corp.,* 376 F.Supp. 620 (S.D.N.Y.1974). If, as a result of subsequent discovery, the defendant obtains evidence reflecting negatively on Milwaukee Legal Services' ability to advance the costs of a class action, the court will entertain an appropriate motion for decertification of the class.

One final matter regarding the class action motion requires some discussion. On March 17, 1975, the plaintiff was laid off from her employment with J. C. Penney Co., Inc. However, the company extended recall rights with certain fringe benefits for a period of up to 240 days. On August 6, 1975, due to lack of funds, the plaintiff notified the defendant of her desire to discontinue participation in the defendant's medical insurance plan; such coverage had already been cancelled, effective June 1, 1975. On or about September 8, 1975, the plaintiff secured part-time employment as a waitress and was told that she would be given the first available full-time opening. Subsequently on September 11, 1975, the defendant sent a telegram to the plaintiff requesting that the plaintiff contact the defendant regarding recall to work. The plaintiff was formally recalled to work by a letter dated September 24, 1975, but has not returned to work for the defendant.

The above events occurred during the pendency of the instant motion for a class action determination which was filed on March 14, 1975. The defendant argues that the plaintiff is not a member of the class she seeks to represent because such class includes only present and future employees. However, the plaintiff more cogently argues that while there is no explicit reference to past employees in the definition of the class, some past employees, including the plaintiff, are by implication, to be regarded as members of the proposed class. ■ The plaintiff notes that both at the time class action allegations were made and on the date the class action motion was filed, the plaintiff was "pres-

ently employed . . . by the defendant in the state of Wisconsin." Thus, a clearer description of those the plaintiff seeks to represent would include women who are past employees but who were employed on or after November 7, 1974 (the date the complaint was filed), and who have been adversely affected by the defendant's treatment of persons who have had pregnancy related disabilities or medical expenses on or after June 8, 1972. With the definition of class members clarified in this matter, I find that notwithstanding the plaintiff's current status as a *former* employee she remains an adequate class representative. Compare *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3d Cir. 1975), cert. granted, 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476, 43 U.S.L.W. 3624 (1975), with *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 522 F.2d 1235 (7th Cir., decided September 8, 1975).

### III. *Cross Motions for Summary Judgment*

The plaintiff and the defendant have each moved for summary judgment. The plaintiff seeks now a judgment only as to liability and declaratory and injunctive relief. As earlier noted, she has requested that issues concerning monetary relief be determined separately pursuant to Rule 42(b), Federal Rules of Civil Procedure. I hold that the plaintiff's motion for partial summary judgment should be granted and that the defendant's motion should be denied.

The complaint and answer, as well as the defendant's responses to the plaintiff's first set of interrogatories and first request for admissions establish that the relevant facts are not in dispute. Also uncontested are facts revealed by the various affidavits on file in this action. Many of these facts are set forth in the proposed order and judgment submitted by the plaintiff in connection with her motion for summary judgment; I adopt proposed findings of fact ¶¶ 1–5 and 7–19 as those of the court. Paragraph 6 is adopted except to the extent that it

states that the plaintiff is presently employed and enrolled in the defendant's group medical insurance plan; the more accurate circumstances relating to the plaintiff's termination from employment and from the group medical insurance plan were set forth earlier in this opinion.

■ I find that this court has jurisdiction over the action pursuant to 42 U.S.C. § 2000e–5(f)(3). The defendant complains that the plaintiff's voluntary withdrawal of the charge pending before the state has so frustrated the title VII policy of the deferral to local authorities for conciliation efforts that jurisdiction should not be exercised. Nevertheless, the record reveals that the deferral requirements contained in 42 U.S.C. § 2000e–5(c) has been met. See *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In addition the plaintiff has properly obtained the mandatory notice of right to sue from the EEOC as prescribed by 42 U.S.C. § 2000e–5(f)(1). Accordingly, the defendant's arguments with respect to jurisdiction are unpersuasive.

On the merits, the defendant contends that its treatment of women, in connection with sick leave and group medical insurance benefits when such women are disabled by pregnancy related infirmities does not have a disparate impact on women. Moreover, it is claimed that if any such impact can be demonstrated, it is justified by business necessity. In this regard and in support of an independent defense theory, the defendant argues that benefit costs for women and men are now equal and that to require the "equal" coverage the plaintiff seeks would result in a greater expenditure for women and increased costs generally. The defendant also urges that separate consideration for pregnancy related disabilities is warranted for the sick leave plan because it is geared toward disabilities over which the employee lacks control.

■ Each of the above contentions have disposed of by persuasive court rulings which reflect the overwhelming weight of authority. Moreover, such authorities have found that practices of the kind under scrutiny in the instant case violate title VII's proscription against sex discrimination in 42 U.S.C. § 2000e–2(a), as interpreted by 29 C.F.R. § 1604.-10(b). See, e. g., *Gilbert v. General Electric,* 375 F.Supp. 367 (E.D.Va.1974), aff'd 519 F.2d 661 (4th Cir., 1975); *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239 (3d Cir. 1975), cert. granted, 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476, 42 U.S.L.W. 3624 (U.S. May 27, 1975). Furthermore, although the defendant urges that *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), mandates a contrary result, no circuit court of appeals which has faced that issue has ruled in the defendant's favor. *Gilbert, supra; Wetzel, supra; Communications Workers of America v. American Telephone and Telegraph Co.,* 513 F.2d 1024, 10 BNA F.E.P. Cases 435 (2d Cir. 1975).

■ The defendant has presented additional theories as to why relief should not be granted with respect to the plaintiff's attack upon the medical insurance benefits. First, the defendant argues that because no administrative claim with respect to medical insurance benefits was made, the court has no jurisdiction to consider such claims. This position is without merit.

This circuit has adopted the policy of allowing claims to be pursued in federal court which, while not raised before the EEOC, are like or reasonably related to those that were presented to the EEOC. *Jenkins v. Blue Cross Mutual Hospital Insurance Co.,* 522 F.2d 1235, 1240–1241 (7th Cir. 1975). Applying this test, I find that the plaintiff's claims of discrimination with regard to the defendant's medical insurance benefits are properly before this court. See, e. g., *Jiron v. Sperry Rand Corp.,* 9 CCH E.P.D. ¶ 9990 (D. Utah, February 14, 1975).

■ The second attack upon the plaintiff's challenge to the discriminatory application of the medical insurance benefits involves the defendant's assertion

that its plan is lawful because the same benefits are available to married female employees as are available to the wives of male employees. This practice violates the title VII rights of unmarried women for the reasons discussed in such cases as *Gilbert, supra*, and *Wetzel, supra,* because the prerequisite of marriage is imposed only upon medical expenses resulting from pregnancy, a condition to which only female employees are subject. Moreover, such practice is directly contrary to 29 C.F.R. § 1604.9(d) since it denies to unmarried female employees benefits which are made available to wives of male employees.

In a related vein, the defendant asserts that the medical insurance benefits which are provided to married women for pregnancy related medical expenses are not less comprehensive than those provided for other medical expenses. In my opinion, the terms of the defendant's policy does not bear this out. Indeed, the only rational conclusion one could draw from a comparison of disability coverages is that coverage for pregnancy related medical expenses is less favorable than that provided for other disabilities. Accordingly, this aspect of the defendant's medical insurance program is also violative of title VII.

For the foregoing reasons I believe that the plaintiff's request for summary judgment granting declaratory and injunctive relief should be granted. This disposition renders unnecessary a formal ruling on the plaintiff's motion for a separate trial of the issues under Rule 42(b), since as a practical matter the outcome of the summary judgment application accomplishes that result.

Therefore, IT IS ORDERED that the defendant's motion for an order compelling Milwaukee Legal Services, Inc. and its designated representative, Steven H. Steinglass, to respond to the questions posed at the deposition in this case taken on March 14, 1975, and to related questions which might be posed as a part of further discovery be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motion for an order declaring this action maintainable as a class action be and hereby is granted; this action shall be maintained as a class action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure on behalf of a class defined as follows:

All women who (i) were employed on or after November 7, 1974, are presently employed or will in the future be employed by the defendant in the state of Wisconsin; (ii) have been physically disabled from performing their assigned duties on or after June 8, 1972, or will be physically disabled from performing their assigned duties in the future, by reason of pregnancy, miscarriage, abortion, childbirth, or recovery therefrom; and (iii) have been denied, or will in the future be denied, compensation or benefits pursuant to the defendant's practices and policies with respect to employees who become physically disabled from performing their assigned duties by reason of said causes.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's motion for partial summary judgment be and hereby is granted.

IT IS FURTHER ORDERED AND ADJUDGED that the acts, practices and policies by which the defendant has failed or refused to provide the same compensation and benefits to female employees with pregnancy related disabilities and/or medical expenses as it provides to employees with disabilities and/or medical expenses due to other causes be and hereby are declared to be in violation of title VII of the civil rights act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

IT IS FURTHER ORDERED AND ADJUDGED that the defendant be and hereby is permanently enjoined from engaging in any acts, practices, or policies which constitute unlawful sex discrimination in compensation, terms, condi-

tions, and privileges of employment, and specifically from failing or refusing to provide paid sick leave, group medical insurance coverage, long-term disability, vacation, partial payment of group medical and dental insurance premiums, eligibility to be placed on further paid sick leave, and all other compensation and benefits available in connection with employment, to female employees who have pregnancy related disabilities and/or who incur pregnancy related medical expenses, on the same basis and subject to the same terms and conditions as such compensation and benefits are provided to employees with disabilities and/or medical expenses due to other causes.

IT IS FURTHER ORDERED that within 45 days after the date of this order and judgment, counsel for the parties shall serve and file their separate or joint proposals with respect to the following matters: (1) the provision of notice of the terms of this order and judgment to the members of the class; and (2) the resolution of all claims for monetary relief on behalf of plaintiff Darlene Guse and the members of the class.